980 F.2d 731
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lenny Alan RILETT, Plaintiff-Appellant,
v.
Debra NASCHKE; Henry C. Zavislek, Sheriff; Dennis L.
Steenrod; Defendants-Appellees,
Sgt. Johnson; Dan Heyns, Captain, Defendants.
 No. 92-1295.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1992.
 
 1
 Before ALAN E. NORRIS and SILER, Circuit Judges, and EDGAR, District Judge.*
 
 ORDER
 
 2
 Plaintiff, Lenny Alan Rilett, appeals the district court's award of summary judgment to the defendants in this civil rights case filed under 42 U.S.C. § 1983. Additionally, he requests the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff filed a pro se civil rights complaint against Henry C. Zavislek, Jackson County Sheriff, Dennis C. Steenrod, Captain at the Jackson County Jail, and Deputy Debra Naschke, a floor officer at the jail, in their individual and official capacities. He alleged that on July 28, 1989, while confined in cell 2-C at the jail, he was seriously injured after being assaulted by four to five inmates who were occupying the same cell. Plaintiff alleged that defendants knew inmate-on-inmate assaults were occurring and failed to take action to prevent the assaults; that when the assault occurred, defendant Naschke did not supervise the second floor or answer his calls for help for at least five minutes; that defendants Zavislek and Steenrod implemented a classification system which failed to separate violent from non-violent inmates; and that Zavislek and Steenrod failed to adequately staff the jail. Plaintiff claimed these acts and omissions created a pervasive risk of harm and that defendants' failure to take appropriate action was done with deliberate indifference. He sought monetary relief.
 
 
 4
 Defendants filed a motion for summary judgment. After benefit of oral argument on January 30, 1992, the district court entered an order granting defendants' motion. The court noted in its opinion that plaintiff relied solely on the allegations contained in his amended complaint as to defendant Naschke. The court further noted that the evidence proffered by plaintiff against defendants Zavislek and Steenrod did not create a genuine issue of fact regarding defendant Naschke's liability. With regard to defendants Zavislek and Steenrod, the court noted that these defendants took affirmative efforts to provide safe conditions for inmates. The court concluded that plaintiff's proof did not contain "substantial probative evidence" sufficient to create a genuine issue of fact that conditions at the jail constituted a pervasive risk of harm.
 
 
 5
 Upon review, we affirm the district court's order as there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 6
 Plaintiff's evidence fails to demonstrate deliberate indifference or wantonness on the part of defendants Steenrod and Zavislek. The fact that there were 8 unprovoked assaults and 13 fights at the jail between July 17 and August 17, 1989, the great majority of which did not result in serious injury, is not sufficient to support plaintiff's claim. See McGhee v. Foltz, 852 F.2d 876, 880-81 (6th Cir.1988). There was no evidence of threats against plaintiff or any group of which he was a part. Moreover, plaintiff never claimed that he told any prison official he was in fear of being assaulted, nor did he claim that he had any warning of the attack. Plaintiff never contended that the defendants failed to take measures to provide minimally decent confinement conditions. In fact, the undisputed record reveals that defendants initiated various programs to maintain and improve safe, humane conditions at the jail. Plaintiff merely relies on a newspaper article, the Goodwin affidavit, and his own allegations of one assault at the jail to demonstrate a pervasive risk of harm. "While 'much less than proof of a reign of violence and terror in the particular institution' is required to demonstrate pervasive risk of harm, a single incident or several isolated incidents are not sufficient." McGhee, 852 F.2d at 880.
 
 
 7
 Accordingly, the request for counsel and for a transcript at government expense is denied and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allan Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation